## No. 24924

**The People of the State of Colorado v. David L. Cheney**
(503 P.2d 338)

Decided November 20, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Cheney was convicted of theft of an automobile. The only evidence in support of the charge was testimony of a police officer that the defendant was a passenger in the stolen vehicle when it was stopped by the police. On appeal, the defendant urges reversal because the trial court erroneously denied his motion for judgment of acquittal on the ground of insufficiency of the evidence. Our review of this record convinces us that the evidence lacks the sufficiency to support this conviction. We therefore reverse the judgment of the trial court. This disposition precludes the need for discussion of the other assignments of error.

The Attorney General has argued that there exists in this record other items of circumstantial evidence which, when considered in a light most favorable to the prosecution, adequately supports the verdict of guilty. We have scrutinized the testimony in this case with particular reference to these so-called items of circumstantial evidence. In our view, these items of evidence are as consistent with the innocence as they are with the guilt of the defendant, and therefore, cannot be a basis for a guilty verdict.

*People v. Rogers,* 177 Colo. 155, 493 P.2d 21 (1972) involves a fact situation quite similar to the facts of this case.

In *Rogers,* the defendant was also apprehended in a stolen car which he had entered some time after it had been initially stolen by others. In *Rogers,* after viewing all the evidence in a light most favorable to the prosecution, we held that it did not have the sufficiency to sustain the conviction.

Judgment reversed and cause remanded with directions to grant the defendant's motion for acquittal.

MR. CHIEF JUSTICE PRINGLE does not participate.